# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNTON DAVID WITHERS,<br>Petitioner,<br>v.<br>RONALD RACKLEY, Warden,<br>Respondent. | Case No. CV 16-05722 FMO (AFM)<br>**ORDER TO SHOW CAUSE** |

Petitioner, who currently is confined at Folsom State Prison, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254) on May 16, 2016. The Petition is directed to a judgment of conviction sustained by petitioner in the Los Angeles County Superior Court in 1996. The crux of the Petition is that his 1996 conviction should not have been used to later impose a "third strike" sentence upon him. For the reasons discussed below, petitioner is ordered to show cause why this action should not be summarily dismissed.

## BACKGROUND

In 1996, petitioner pled guilty to two counts of second-degree robbery. Petitioner and an associate had entered a store and robbed two employees.

Petitioner was sentenced to five years in state prison. (ECF No. 1 at 145, 154, 170-71.)

In 2002, petitioner was convicted by a Los Angeles County Superior Court jury of assault with a firearm. His 1996 robbery convictions were counted as two "strike" convictions. He was sentenced to a "third strike" sentence of 30 years to life. (ECF No. 1 at 172.)

In 2011, petitioner's federal habeas petition directed to his 2002 conviction was denied and dismissed with prejudice. *See Withers v. Giurbino*, Case No. CV 05-6800 JHN (JC).

In August 2014, petitioner filed a petition to recall his Three Strikes sentence under Cal. Penal Code § 1170.126. Petitioner argued that his two 1996 robbery convictions should not have counted as two separate strikes. In November 2014, the Los Angeles County Superior Court denied the petition. (ECF No. 1 at 173, 208-09.)

Petitioner then filed a petition for writ of mandate in the California Court of Appeal. In February 2015, the Court of Appeal denied the petition, reasoning that petitioner's 1996 convictions involved robberies against two separate victims and therefore, they were properly counted as two separate "strikes." (ECF No. 1 at 177.)

Petitioner also appealed the Los Angeles County Superior Court's denial of his petition to recall his sentence. In March 2015, petitioner's appellate counsel filed an appellate brief identifying no issues, pursuant to *People v. Wende*, 25 Cal. 3d 436 (1979). (ECF No. 1 at 144.) In an unpublished decision filed in July 2015, the California Court of Appeal found no arguable issues and affirmed the Superior Court's order. *See People v. Withers*, 2015 WL 4515550 (July 27, 2015).

According to the California courts' website, petitioner filed a habeas petition in the California Supreme Court in December 2015. It was denied in April 2016.

Petitioner constructively filed the instant Petition on May 16, 2016. The Petition was transferred to the undersigned Magistrate Judge on August 1, 2016.

The Petition raises the following six grounds for federal habeas relief:

1. Petitioner's trial counsel for the 1996 robberies was ineffective for allowing petitioner to plead guilty to crimes he did not commit.

2. Petitioner's appellate counsel was ineffective for filing a *Wende* brief.

3. Petitioner's 1996 plea agreement is void because the trial court miscalculated the sentence and because petitioner was not advised that the convictions would later count as two "strikes."

4. Petitioner 1996 convictions for two counts of robbery should not have counted as two strike convictions because they involved only one robbery.

5. The Los Angeles County Superior Court failed to answer two motions regarding petitioner's petition to recall his sentence.

6. The Los Angeles County Superior Court failed to respond in a timely manner to petitioner's motions relating to his petition to recall his sentence.

**DISCUSSION**

This action is subject to dismissal for the following reasons.

**1. Petitioner's sentence for the 1996 convictions has fully expired.**

In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court held that federal habeas relief is unavailable when a petitioner challenges a current sentence that was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence has "fully expired." *Id.* at 396-97, 401-02. Petitioner's 1996 conviction no longer appears to be open to direct or collateral attack on its own right because the sentence for that conviction has fully expired. Grounds One, Three, and Four of the Petition therefore appear to be barred by *Lackawanna*.

**2. The 1996 convictions were entered pursuant to a guilty plea.**

In *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973), the Supreme Court held: "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Since petitioner's 1996 convictions were entered pursuant to his guilty plea, it appears that he can no longer raise claims of constitutional violations that occurred prior to his plea. Grounds One, and possibly Grounds Three and Four, therefore appear to be barred by *Tollett*.

**3. Petitioner had no constitutional right to appellate counsel to appeal a state collateral proceeding.**

It is well-settled that a criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review. *See Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991) (citing cases). Accordingly, a criminal defendant does not have "a right to counsel to appeal a state collateral determination of his claims of trial error." *Coleman*, 501 U.S. at 757. When a state prisoner has no right to counsel, he has no right to the effective assistance of counsel. *See Miller v. Keeney*, 882 F.2d 1428, 1431-32 (9th Cir. 1989) (*citing Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam)). Under these authorities, petitioner's claim in Ground Two of ineffective assistance of appellate counsel, for purposes of his appeal of his state collateral proceeding, does not raise a federal constitutional issue.

**4. Petitioner's claims directed to his state habeas proceeding are not cognizable on federal habeas review.**

It is well-settled that claims of error in a state's habeas review process are not

addressable through federal habeas corpus. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam); *Cooper v. Neven*, 641 F.3d 322, 331 (9th Cir. 2011); *Hubbart v. Knapp*, 379 F.3d 773, 779 (9th Cir. 2004); *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997); *Villafuerte v. Stewart*, 111 F.3d 616, 632 n.7 (9th Cir. 1997). This is because federal habeas corpus is limited to an attack on a prisoner's detention, not an attack on a state postconviction proceeding collateral to that detention. *See Franzen*, 877 F.2d at 26 ("A habeas petition must allege the petitioner's detention violates the constitution, a federal statute, or a treaty."). Under the foregoing authorities, Grounds Five and Six do not appear to raise claims that are cognizable on federal habeas review.

### 5. Petitioner's claim of sentencing error is not cognizable on federal habeas review.

It is well-settled that claims concerning only matters of state sentencing law do not present a cognizable federal habeas claims. *See, e.g., Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (rejecting petitioner's claim that a state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law"); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (holding that sentencing error claim under California Penal Code § 654 is not cognizable on federal habeas review); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding that claim that offense did not qualify as a "serious felony" for purposes of California's sentence enhancement provisions is not cognizable on federal habeas review); *Sturm v. California Adult Authority*, 395 F.2d 446, 448 (9th Cir. 1967) (observing that "a state court's interpretation of its [sentencing] statute does not raise a federal question"). Under the foregoing authorities, Ground Four does not appear to raise a claim that is cognizable on federal habeas review.

**6.    Three of petitioner's claims are facially untimely.**

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). *See Calderon v. United States District Court for the Central District of California (Beeler)*, 128 F.3d 1283, 1287 n.3 (9th Cir. 1997). 28 U.S.C. § 2244(d) provides:

> "(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, it does not appear from the face of the Petition that petitioner directly

appealed his 1996 conviction, which was entered on November 7, 1996. (ECF No. 1 at 171.) His 1996 conviction therefore became final 60 days later, on January 6, 1997. *See* Cal. R. Ct. 8.308(a); *Roberts v. Marshall*, 627 F.3d 768, 771 (9th Cir. 2010). Moreover, it does not appear that any of the other "trigger" dates under 28 U.S.C. § 2244(d)(1) apply here. *See, e.g., Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Accordingly, petitioner's last day to file his federal habeas petition — in order to raise Grounds One, Three, and Four — was January 6, 1998. No habeas petition that petitioner subsequently filed in the state courts could reinitiate the limitation period. *See, e.g., Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed under state law); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Wixom v. Washington*, 264 F.3d 894, 898-99 (9th Cir. 2001).

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. *See Holland*, 560 U.S. at 629 (*quoting Pace*, 544 U.S. at 418). The Ninth Circuit has held that the *Pace* standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter*

*v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (*quoting Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *see also Waldron-Ramsey*, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Here, it is not appear from the face of the Petition or the attachments that petitioner has sufficient grounds for equitable tolling of the limitation period for Grounds One, Three, and Four. Moreover, as a general matter, neither the lack of legal sophistication, nor the lack of legal training, nor the lack of legal assistance, nor ignorance of the law, constitutes an "extraordinary circumstance" entitling petitioner to any equitable tolling of the limitation period. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period). Moreover, it does not appear that petitioner was pursuing his right diligently so as to warrant application of equitable tolling.

Thus, when the original Petition was constructively filed on May 16, 2016, it appears that Grounds One, Three, and Four of the Petition were untimely by more than 18 years.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of

the Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." *See Nardi v. Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004); *Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## ORDER

IT THEREFORE IS ORDERED that, **on or before September 12, 2016**, petitioner show cause in writing, if any he has, why the Court should not recommend that this Petition be dismissed for the reasons discussed above.

Instead of filing a response to the instant Order, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for petitioner's convenience.

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon petitioner at his address of record.

DATED: 8/3/2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE